# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUBEN HERRERA,<br><br>          Plaintiff,<br><br>     vs.<br><br>P. AHLIN, et al.,<br><br>          Defendants. | 1:14-cv-00164  GSA<br><br>ORDER DISMISSING COMPLAINT AND<br>GRANTING PLAINTIFF LEAVE TO FILE<br>AN AMENDED COMPLAINT<br><br><br><br>AMENDED COMPLAINT DUE<br>IN THIRTY DAYS |

## I.      Screening Requirement

Plaintiff is a civil detainee prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.   Plaintiff has consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c).[1]

The Court is required to screen complaints brought by a plaintiff seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or

_____

[1] Plaintiff filed a consent to proceed before a magistrate judge on February 11, 2013 (ECF No 5).

that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions.  <u>Swierkewicz v. Sorema N.A.</u>, 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a).  Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . ."  Fed. R.Civ. P. 8(a).  "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."  <u>Swierkiewicz</u>, 534 U.S. at 512. However, "the liberal pleading standard . . . . applies only to a plaintiff's factual allegations." <u>Nietze v. Williams</u>, 490 U.S. 319, 330 n. 9 (1989).  "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled."  <u>Bruns v. Nat'l Credit Union Admin.</u>, 122 F.3d 1251, 1257 (9th Cir. 1997)(quoting <u>Ivey v.Bd. of Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982)).

## II.    <u>Plaintiff's Claims</u>

Plaintiff, an civil detainee the custody of the Department of State Hospitals at Coalinga State Hospital (CSH) , brings this civil rights action against the following individual defendants:  Pam Ahlin, former CSH Director; CSH Director Audrey King; Hospital Administrator George King; R. Rhandhawa, M.D.; John Doe members of Police Services.

On September 18, 2011, Plaintiff was housed on the Secured Services Unit (SSU) at CSH.  Plaintiff alleges that the criteria for assignment to the SSU is "because the individual has had some problems adjusting to the mental health environmental surroundings.  Meaning the individual is unable to get along with his peers, or his behavior is such that he is constantly in violation of facility rules and regulations."

On September 18, 2011, at approximately 3:00 p.m., Plaintiff, while in the SSU courtyard, "took up a protective position on the top of the basketball pole"  The psychiatric

technician  and duty officer on the yard at the time ordered Plaintiff to climb down from the pole.  Plaintiff alleges that the basketball pole is roughly 10 to 11 feet at its highest point, where the pole bends forward to hold the backboard.  Plaintiff alleges that the end of the pole where the backboard is attached was the position he occupied for several hours.

Plaintiff refused to come down on the ground that he was not given an opportunity to talk to the then Director, Pam Ahlin.  Four inch mattresses were placed around the base of the pole in order to protect Plaintiff if he fell.  Plaintiff refused commands to come down from the pole.  Plaintiff alleges that unidentified officers fired "several shots from the launcher" in order to get Plaintiff down from the pole.  Plaintiff used his hands to cover his eyes and fell over backwards, falling head first.  Plaintiff alleges that the fall "created a tremendous and dangers amount of strain on his head and neck."  Plaintiff alleges that he "did not intentionally provoke, harass, use profanity, or violent actions toward any of the officer and PTs."

## C.    Excessive Force

Under the Eighth Amendment, "prison officials have a duty . . . to protect prisoners from violence."  Farmer v. Brennan, 511 U.S. 825, 833 (1994) (quoting Cortes-Quinones v. Jimenez-Nettleship, 842 F.2d 556, 558 (1st Cir. 1988)).  To establish a violation of this duty, a prisoner must demonstrate that prison officials were "deliberately indifferent to a serious threat to the inmate's safety."  Farmer, 511 U.S. at 834.  This requires the prisoner to satisfy both an objective and a subjective component.  First, the prisoner must demonstrate that the alleged deprivation was, in objective terms, "sufficiently serious."  Id. at 834 (quoting Wilson v. Seiter, 501 U.S. 294, 298 (1991)).  Second, the prisoner must demonstrate that prison officials must have known of and disregarded an excessive risk to the prisoner's safety.  Id. at 837.

As a civil detainee, Plaintiff is entitled to protection under the Fourteenth Amendment, rather than the Eighth Amendment.  Fisher v. Bryant, 2:10 cv 2311 KJM DAD, 2012 WL 3276968 (E.D. Cal. Aug. 9, 2012)(Applying the Fourteenth Amendment due process standard to a claim of the excessive force brought by a civil detainee, rather than the standard set forth under the Eighth Amendment).  The Ninth Circuit has recognized that the aforementioned Eighth  Amendment rights guaranteed for prisoners "set a floor for those that must be afforded

3

to" civil detainees.  Hydrick v. Hunter, 500 F.3d 978, 989 (9th Cir. 2007)*summarily reversed on other grounds by* Hunter v. Hydrick, 129 S.Ct. 2431 (2009).  The objectively reasonable standard set forth by the Fourteenth Amendment, rather than the "malicious and sadistic" standard of the Eighth Amendment, Fisher , 2012 WL 327 6986 *9 (E.D. Cal. 2012), applies to Plaintiff's claim.

Here, a state employee firing non-lethal rounds to remove Plaintiff from a basketball pole without any provocation, as alleged here, denotes an objective use of force.  As such, Plaintiff states an Eighth Amendment claim against Defendants for excessive force.  Therefore, it logically follows that Plaintiff states a cognizable claim under the Fourteenth Amendment.  However, Plaintiff has not identified the individual who fired the non-lethal round.  Plaintiff names as defendants Doe officers.  The Court cannot order service upon unidentified defendants.  Plaintiff must name the individual defendant, describe where that defendant is employed and in what capacity, and explain how that defendant acted under color of state law.

### D.     Civil Rights

Plaintiff alleges generally that the other defendants have violated his civil rights.  Under section 1983, Plaintiff must link the named defendants to the participation in the violation at issue.  Ashcroft v. Iqbal, 556 U.S. 662, 676-77 (2009); Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010).  Liability may not be imposed under a theory of respondeat superior, and there must exist come causal connection between the conduct of each named defendant and the violation at issue.  Iqbal, 556 U.S. at 676-77; Lemire v. California Dep't of Corr. and Rehab., 726 F.3d 1062, 1074-75 (9th Cir. 2013); Starr v. Baca, 652 F.3d 1202, 1205-08 (9th Cir. 2011), cert. denied, 132 S.Ct. 2101 (2012).

A convicted inmate's challenge to the conditions of his confinement is properly brought under the Eighth Amendment, but the challenge of a pretrial detainee or a civil detainee is properly brought under the Fourteenth Amendment.  Redman v. County of San Diego, 942 F.2d 1435, 1440 (9th Cir. 1991)(en banc), cert. denied, 502 U.S. 1074 (1991); Youngberg v. Romeo, 457 U.S. 307, 314-15 (1982).

4

Under the Fourteenth Amendment, it is clear that civil detainees have a right to adequate food, shelter, clothing, and medical care.  Id. at 315.  Civilly detained persons must be afforded "more considerate treatment and conditions of confinement than criminals whose conditions of confinement are designed to punish."  Romeo, 457 U.S. at 322.  In Pierce v. County of Orange, 526 F.3d 1190 (9th Cir. 2008), the Court explained the standard as follows:

> Under the Due Process Clause, detainees have a right against jail conditions or restrictions that "amount to punishment."  Bell v. Wolfish, 441 U.S. 520, 535-37 (1979).  This standard differs significantly from the standard relevant to convicted prisoners, who may be subject to punishment so long as it does violate the Eighth Amendment's bar against cruel and unusual punishment.  Id. at 535 n. 16, 441 U.S. at 520.
>
> Absent evidence of express punitive intent, it may be possible to infer a given restriction's punitive status "from the nature of the restriction."  Valdez v. Rosenbaum, 303 F.3d 1039, 1045 (9th Cir. 2002); see Demery v. Arpaio, 378 F.3d 1020, 1030 (9th Cir. 2004)(noting that "to constitute punishment, the harm or disability caused by the government's action must either significantly exceed, or be independent of, the inherent discomforts of confinement").

Therefore, "if a particular restriction or condition is not reasonably related to a legitimate goal – if it is arbitrary or purposeless – a court permissibly may infer that the purpose of the governmental action is punishment that may not constitutionally be inflicted upon detainees."  Id. (relying on Bell v. Wolfish, 441 U.S. at 539).  Stated another way, "[i]n determining whether a substantive right protected by the Due Process Clause has been violated, it is necessary to balance 'the liberty of the individual' and 'the demands of an organized society.'"  Romeo, 457 U.S. at 320.

In Redman, the Ninth Circuit further explained:

> There are . . . limits on the extent to which pretrial detainees may claim they are being punished in violation of the Fourteenth Amendment.  The government has "legitimate interests that stem from its need to manage the facility in which the individual is detained."  Bell v. Wolfish, 441 U.S. at 540.  The Supreme Court has held that "maintaining institutional security and preserving

internal order and discipline are essential goals that may require limitation or retraction of the retained constitutional rights of both convicted prisoners and pretrial detainees." Id. at 546 (footnote omitted).  Because of the importance of internal security within the corrections facility, "[p]rison officials must be free to take appropriate action to ensure the safety of inmates and corrections personnel and to prevent escape or unauthorized entry." Id. at 547.  "[P]rison practices] must be evaluated in the light of the central objective of prison administration, safeguarding institutional security." Id.  Because "the problems that arise in the day-to-day operations of a corrections facility are not susceptible of easy solutions," prison administrators "should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security." Id.

942 F.2d at 1440-41.

In addition, negligence is not actionable under § 1983, Daniels v. Williams, 474 U.S. 327 (1986), nor is mere irresponsible action.  County of Sacramento v. Lewis, 523 U.S. 833, 855 (1998).   Rather, a plaintiff must present facts capable of a finding of at least recklessness, see Redman, 942 F.2d at 1445, n. 13, or "intent to harm." Lewis, 523 U.S. at 854.

Plaintiff must allege conduct on behalf of each individually named defendant indicating that they deprived Plaintiff of a protected interest.  Plaintiff need not, however, set forth legal arguments in support of his claims.  In order to hold an individual defendant liable, Plaintiff must name the individual defendant, describe where that defendant is employed and in what capacity, and explain how that defendant acted under color of state law.  Plaintiff should state clearly, in his own words, what happened.  Plaintiff must describe what each defendant, *by name*, did to violate the particular right described by Plaintiff.

## III.   Conclusion

The Court has screened Plaintiff's complaint and finds that it does not state any claims upon which relief may be granted under section 1983.  The Court will provide Plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the Court in this order.  Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  Plaintiff is cautioned that he

may not change the nature of this suit by adding new, unrelated claims in his amended complaint.

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Hydrick, 500 F.3d at 987-88.  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Bell Atlantic v. Twombly, 550 U.S. 544, 554 (2007)(citations omitted).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in and of itself without reference to the prior or superseded pleading." Local Rule 15-220.  Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived."  King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)).

Accordingly, IT IS HEREBY ORDERED that:

1.      Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim;

2.      The Clerk's Office shall send to Plaintiff a complaint form;

3.      Within **thirty** days from the date of service of this order, Plaintiff shall file an amended complaint;

4.      Plaintiff may not add any new, unrelated claims to this action via his amended complaint and any attempt to do so will result in an order striking the amended complaint; and

5.      If Plaintiff fails to file an amended complaint, the Court will dismiss this action, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

   Dated:   **April 16, 2015**                    **/s/ Gary S. Austin**
                                             UNITED STATES MAGISTRATE JUDGE