UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUBEN HERRERA,<br><br>           Plaintiff,<br><br>      vs.<br><br>PAM AHLIN, et al.,<br><br>           Defendants. | 1:14-cv-00164-LJO-GSA-PC<br><br>ORDER GRANTING PLAINTIFF LEAVE TO AMEND THE COMPLAINT TO IDENTIFY DOE DEFENDANTS (Doc. 12.)<br><br>SIXTY- DAY DEADLINE TO FILE A SECOND AMENDED COMPLAINT AS INSTRUCTED BY THIS ORDER |

**I.    BACKGROUND**

Ruben Herrera ("Plaintiff") is a civil detainee proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed the Complaint commencing this action on February 6, 2014.  (Doc. 1.)  On April 16, 2015, the court issued an order dismissing the Complaint for failure to state a claim, with leave to amend.  (Doc. 9.)  On May 14, 2015, Plaintiff filed the First Amended Complaint.  (Doc. 11.)

On May 14, 2015, Plaintiff filed a motion for an extension of time to amend the complaint, which the court construes as a motion for leave to amend.  (Doc. 12.)

**II.    RULE 15(a) - LEAVE TO AMEND**

Under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served.

1

Fed. R. Civ. P. 15(a).  Otherwise, a party may amend only by leave of the court or by written consent of the adverse party, and leave shall be freely given when justice so requires.  Id.  Here, because Plaintiff has already amended the complaint twice, Plaintiff requires leave of court to file a Third Amended Complaint.

"Rule 15(a) is very liberal and leave to amend 'shall be freely given when justice so requires.'"  AmerisourceBergen Corp. v. Dialysis West, Inc., 445 F.3d 1132, 1136 (9th Cir. 2006) (quoting Fed. R. Civ. P. 15(a)).  However, courts "need not grant leave to amend where the amendment:  (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in the litigation; or (4) is futile."  Id.  The factor of "'[u]ndue delay by itself . . . is insufficient to justify denying a motion to amend.'"  Owens v. Kaiser Foundation Health Plan, Inc., 244 F.3d 708, 712,13 (9th Cir. 2001) (quoting Bowles v. Reade, 198 F.3d 752, 757-58 (9th Cir. 1999)).

**Discussion**

Plaintiff seeks to amend the complaint to identify Doe Defendants.  The court finds no evidence of prejudice, bad faith, undue delay in the litigation, or futility in allowing Plaintiff to amend the complaint for this purpose.  Therefore, Plaintiff shall be granted leave to file a Second Amended Complaint for this limited purpose.

### III.   CONCLUSION AND ORDER

Plaintiff is granted leave to file a Second Amended Complaint within thirty days for the sole purpose of identifying Doe Defendants.  Although Plaintiff has been given the opportunity to amend, it is not for the purpose of adding new allegations or claims.

Plaintiff is reminded that an amended complaint supercedes the [prior] complaint, Lacey v. Maricopa County, 693 F 3d. 896, 907 n.1 (9th Cir. 2012) (en banc), and it must be complete in itself without reference to the prior or superceded pleading, Local Rule 220. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.  The amended complaint should be clearly and boldly titled "Second Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's request to amend the complaint to identify Doe Defendants, filed on May 14, 2015, is GRANTED;

2. Plaintiff is GRANTED leave to file a Second Amended Complaint **within sixty (60) days** of the date of service of this order for limited purpose, as instructed by this order;

3. The Clerk's Office shall send Plaintiff a civil rights complaint form;

4. Plaintiff shall caption the amended complaint "Second Amended Complaint" and refer to the case number 1:14-cv-00164-LJO-GSA-PC;

5. Plaintiff may not add any new claims or defendants to this action via his amended complaint and any attempt to do so will result in an order striking the amended complaint; and

6. Plaintiff's failure to comply with this order shall result in a recommendation that this action be dismissed.

IT IS SO ORDERED.

Dated:   **May 20, 2015**               **/s/ Gary S. Austin**
                                         UNITED STATES MAGISTRATE JUDGE