UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUBEN HERRERA,<br><br>           Plaintiff,<br><br>      vs.<br><br>PAM AHLIN, et al.,<br><br>           Defendants. | 1:14-cv-00164-LJO-GSA-PC<br><br>ORDER DENYING REQUEST FOR EARLY DISCOVERY, WITHOUT PREJUDICE (Doc. 15.) |

**I.      BACKGROUND**

Ruben Herrera ("Plaintiff") is a civil detainee proceeding pro se and in forma pauperis with this civil action pursuant to 42 U.S.C. § 1983.  Plaintiff filed the Complaint commencing this action on February 6, 2014. (Doc. 1.)  On April 16, 2015, the court issued an order dismissing the Complaint for failure to state a claim, with leave to amend.  (Doc. 9.)  On May 14, 2015, Plaintiff filed the First Amended Complaint.  (Doc. 11.)  On July 20, 2015, with leave of court, Plaintiff filed the Second Amended Complaint.  (Doc. 16.)

On July 20, 2015, Plaintiff filed a "motion to certify the right to make service of summons on John Doe Defendants."  (Doc. 15.)  The court construes Plaintiff's motion as a request for leave to conduct early discovery to identify Doe Defendants.

1

## II. REQUEST TO CONDUCT EARLY DISCOVERY

In a civil rights action brought by a plaintiff without the assistance of counsel, early discovery is available in certain circumstances. For example, the Ninth Circuit has held, "'[W]here the identity of the alleged defendant is not known prior to the filing of a complaint, the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds.'" Wakefield v. Thompson, 177 F.3d 1160, 1163 (9th Cir. 1999) (quoting Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980)). In Gillespie, the plaintiff, proceeding *pro se,* filed a civil rights action against several U.S. Marshals, prison officials, and prison guards. However, the complaint did not name *all* of the defendants. Instead, the plaintiff identified the unknown defendants as "John Doe" and "filed interrogatories requesting from the named defendants the names and addresses of the [unnamed defendants]." Gillespie, 629 F.2d at 642–43. The district court denied the request for discovery and dismissed the complaint, but the Ninth Circuit reversed and held that the "district court abused its discretion in not permitting the discovery sought by the [prisoner] ... [as][i]t was very likely that the answers to the interrogatories would have disclosed the identities of the 'John Doe' defendants." Id. at 643.

The facts in the present case are distinguishable from those in Gillespie. Here, Plaintiff's Second Amended Complaint was just filed and awaits the court's screening under 28 U.S.C. § 1915(e)(2). The case shall not go forward until the court has screened Plaintiff's complaint and determined that it states cognizable claims against one or more of the defendants. At this stage of the proceedings, it is possible that the complaint will be dismissed during the screening stage on grounds entirely unrelated to identification of the defendants. The court will, *sua sponte*, direct the United States Marshal to serve the complaint only after the court has screened the complaint and found cognizable claims for relief. Thus, Plaintiff's request for discovery is premature and shall be denied, without prejudice to renewal of the motion at a later stage of the proceedings.

///

**III. CONCLUSION**

Based on the foregoing, it is HEREBY ORDERED that Plaintiff's request to conduct early discovery, filed on July 20, 2015, is DENIED as premature, without prejudice.

IT IS SO ORDERED.

    Dated: __**July 21, 2015**__             __/s/ **Gary S. Austin**__
                                                             UNITED STATES MAGISTRATE JUDGE