# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUBEN HERRERA,<br><br>    Plaintiff,<br><br>    v.<br><br>PAM AHLIN, et al.,<br><br>    Defendants. | Case No. 1:14-cv-00164-LJO-BAM-PC<br><br>FINDINGS AND RECOMMENDATIONS THAT DEFENDANTS AHLIN, KING, MAYNARD AND RANDHAWA BE DISMISSED FROM THIS ACTION FOR FAILURE TO STATE A COGNIZABLE CLAIM AND THAT THIS ACTION PROCEED ON PLAINTIFF'S CLAIM OF EXCESSIVE FORCE AGAINST DOE DEFENDANTS<br><br>(ECF NO. 16)<br><br>OBJECTIONS DUE IN FOURTEEN DAYS |

Plaintiff is a civil detainee proceeding pro se and in forma pauperis pursuant to 42 U.S.C. § 1983. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. Pending before the Court is Plaintiff's July 20, 2015, second amended complaint.

**I.**     **Procedural History**

Plaintiff, a civil detainee in the custody of the Department of State Hospitals at Coalinga State Hospital (CSH), filed this action on February 6, 2014. Plaintiff's claim stems from a use of force incident at CSH on September 18, 2011. Plaintiff alleges that on that date, he was housed on the Secured Services Unit (SSU) at CSH. Plaintiff, while in the SSU courtyard, climbed a basketball pole and refused orders to climb down. Plaintiff refused to come on the ground that

he was not given an opportunity to talk to the then Director, Defendant Pam Ahlin. Four inch thick mattresses were placed around the base of the pole in order to protect Plaintiff if he fell. Plaintiff refused commands to come down from the pole. Plaintiff alleges that unidentified officers fired several shots from a baton launcher in order to get Plaintiff climb down. Plaintiff used his hands to cover his eyes and fell over backwards, falling head first and injuring his neck and head.

On April 16, 2015, an order was entered, dismissing the complaint and granting Plaintiff leave to file an amended complaint. (ECF No. 9.)  On May 14, 2015, Plaintiff filed a first amended complaint. (ECF No. 11.)  Plaintiff filed a motion for extension of time to further amend the complaint to identify Doe defendants. On May 20, 2015, an order was entered, granting Plaintiff's Plaintiff motion pursuant to Federal Rule of Civil Procedure 15(a), and granting Plaintiff leave to file a second amended complaint that identified the Doe Defendants. (ECF No. 13.)  On July 20, 2015, Plaintiff filed the second amended complaint that is now before the Court. (ECF No. 16.)

**II.     Allegations**

In his second amended complaint, Plaintiff re-states the allegations of the original complaint. Plaintiff names as Defendants former CSH Executive Director Pam Ahlin, current CSH Executive Director A. King; former CSH Medical Director G. Maynard; CSH Psychologist R. Randhawa, Ph.D.; Department of Police Services (DPS) Officers John Does.[1]  Plaintiff re-states the allegations of the original complaint that he climbed a basketball pole in protest on September 18, 2011, and Defendant John Doe DPS officers used excessive force to get him to climb down, resulting in his fall and injury.

**II.     Analysis**

**A. Excessive Force**

The Eighth Amendment protects prisoner from inhuman methods of punishment and from

---

[1] Plaintiff filed this action against Defendants in their individual and official capacities. However, '[t]he Eleventh Amendment bars suits for money damages in federal court against a state, its agencies, and state officials in their official capacities." Aholelei v. Dept. of Public Safety, 488 F.3d 1144, 1147 (9th Cir. 2007)(citations omitted).

1  inhumane conditions of confinement.  Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir.
2  2006).   Although prison conditions may be restrictive and harsh, prison officials must provide
3  prisoners with food, clothing, shelter, sanitation, medical care, and personal safety.  Farmer v.
4  Brennan, 511 U.S. 825, 832-33 (1994)(quotations omitted).   Prison officials are liable under the
5  Eighth Amendment only if they demonstrate deliberate indifference to conditions posing a
6  substantial risk of serious harm to an inmate; and it is well settled that deliberate indifference
7  occurs when an official acted or failed to act despite his knowledge of a substantial risk of
8  serious harm.  Farmer, 511 U.S. at 834, 841; Clem v. Lomeli, 566 F.3d 1177 1181 (9th Cir.
9  2009); Hearns v. Terhune, 413 F.3d 1036, 1040 (9th Cir. 2005).
10      As a civil detainee, Plaintiff is entitled to protection under the Fourteenth Amendment, rather
11  than the Eighth Amendment.  Fisher v. Bryant, 2:10-cv-02311-KJM-DAD, 2012 WL 327698
12  (E.D. Cal. Aug. 9, 2012)(Applying the Fourteenth Amendment due process standard to a claim
13  of excessive force brought by a civil detainee, rather than the standard set forth under the Eighth
14  Amendment).  The Ninth Circuit has recognized that the aforementioned Eighth Amendment
15  rights guaranteed for prisoners "set a floor for those that must be afforded to" civil detainees.
16  Hydrick v. Hunter, 500 F.3d 978, 989 (9th Cir. 2007)(summarily reversed on other grounds by
17  Hunter v. Hydrick, 556 U.S. 1256 (2009).   The objectively reasonable standard set forth by the
18  Fourteenth Amendment, rather than the "malicious and sadistic" standard of the Eighth
19  Amendment, applies to Plaintiff's claim.  Id.
20     Here, a state employee firing non-lethal rounds to remove Plaintiff from a basketball pole
21  without any provocation, plausibly identifies an objectively unreasonable use of force.  As such,
22  Plaintiff states an excessive force claim against the Doe DPS officer or officers that fired the
23  non-lethal rounds.
24     As Plaintiff was advised in the April 16, 2015, screening order, the Court cannot order
25  service upon unidentified individuals.  Although the use of Doe defendants is acceptable to
26  withstand dismissal of the complaint at the screening stage, those person or persons cannot be
27  served with process in this action until they are identified by their names.  The burden is on
28  Plaintiff to discover the identity of the defendant(s).

**B. Supervisory Liability**

As to Defendants Ahlin, King and Maynard, Plaintiff is advised that government officials may not be held liable for the actions of their subordinates under a theory of respondeat superior. Ashcroft v. Iqbal, 556 U.S. 662, 673 (2009). Since a government official cannot be held liable under a theory of vicarious liability for section 1983 actions, Plaintiff must plead that the official has violated the Constitution through his own individual actions. Id. at 673. In other words, to state claim for relief under section 1983, Plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of Plaintiff's federal rights. Plaintiff has not alleged any facts suggesting personal participation by these Defendants in the use of excessive force. They should therefore be dismissed for Plaintiff's failure to state a claim against them.

**C. Dr. Randhawa**

Plaintiff does not charge Defendant Randhawa with any conduct that indicates a deprivation of a protected interest of Plaintiff's. Plaintiff's sole allegation against Dr. Randhawa is that he is responsible for Plaintiff's placement in the SSU.

Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law. Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir. 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). "Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." Crowley v. Nevada ex rel. Nevada Sec'y of State, 678 F.3d 730, 734 (9th Cir. 2012)(citing Graham v. Connor, 490 U.S. 386, 393-94 (1989))(internal quotation marks omitted). To state a claim, Plaintiff must allege facts demonstrating the existence of a link, or causal connection, between each defendant's actions or omissions and a violation of his federal rights. Lemire v. California Dep't of Corr. and Rehab., 726 F.3d 1062, 1074-75 (9th Cir. 2013); Starr v. Baca, 652 F.3d 1202, 1205-08 (9th Cir. 2011).

As a civil detainee, Plaintiff is entitled to treatment more considerate than that afforded pretrial detainees or convicted criminals. Jones v. Blanas, 393 F.3d 918, 931-32 (9th Cir. 2004).

1  Plaintiff's right to constitutionally adequate conditions of confinement is protected by the
2  substantive component of the Due Process Clause. Youngberg v. Romero, 457 U.S. 307, 315
3  (1982). A determination whether Plaintiff's rights were violated requires "balancing of his
4  liberty interests against the relevant state interests." Youngberg, 457 U.S. at 321. The
5  Constitution requires only that courts ensure that professional judgment was exercised.
6  Youngberg, 457 U.S. at 321-22. A "decision, if made by a professional, is presumptively valid;
7  liability may be imposed only when the decision by the professional is such a substantial
8  departure from accepted professional judgment, practice, or standards as to demonstrate that the
9  person responsible actually did not base the decision on such a judgment." Id. at 322-23. The
10 professional judgment standard is an objective standard and it equates "to that required in
11 ordinary tort cases for a finding of conscious indifference amounting to gross negligence."
12 Ammons v. Washington Dep't of Soc. & Health Servs., 648 F.3d 1020, 1029 (9th Cir. 2011),
13 cert. denied, 132 S.Ct. 2379 (2012)(citations and internal quotation marks omitted).

14      Here, Plaintiff's only allegation as to Dr. Randhawa is that he is responsible for
15 Plaintiff's placement in the SSU. There are no allegations that Dr. Randhawa made any
16 decisions or engaged in any conduct that was a departure from the professional judgment
17 standard. Dr. Randhawa should therefore be dismissed for Plaintiff's failure to state a claim
18 against him.

19      **III.   Conclusion.**

20      Plaintiff was previously notified of the applicable legal standards and the deficiencies in
21 his pleading, and despite guidance from the Court, Plaintiff's second amended complaint is
22 largely identical to the original complaint. Based upon the allegations in Plaintiff's original
23 complaint, first amended complaint, and second amended complaint, the Court is persuaded that
24 Plaintiff is unable to allege any additional facts that would support a claim for relief against
25 Defendants Ahlin, King, Maynard, and Randhawa, and further amendment would be futile. See
26 Hartmann v. CDCR, 707 F.3d 1114, 1130 (9th Cir. 2013) ("A district court may deny leave to
27 amend when amendment would be futile.") Based on the nature of the deficiencies at issue, the
28 Court finds that further leave to amend is not warranted. Lopez v. Smith, 203 F.3d 1122, 1130

(9th. Cir. 2000); Noll v. Carlson, 809 F.2d 1446-1449 (9th Cir. 1987).

Accordingly, IT IS HEREBY RECOMMENDED that:

1. This action proceed on the July 20, 2015, second amended complaint against the Doe DSP officers; and
2. Defendants Ahlin, King, Maynard and Randhawa be dismissed from this action for Plaintiff's failure to state a claim against them.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provision of Title 28 U.S.C. §636 (b)(1)(B). Within **fourteen (14)** days after being served with these Finding and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Findings and Recommendations." The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.2d F.3d 834, 838-39 (9th Cir. 2014)(citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **May 6, 2016**            /s/ *Barbara A. McAuliffe*
                                  UNITED STATES MAGISTRATE JUDGE