1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

9

EASTERN DISTRICT OF CALIFORNIA

10

11  RUBEN HERRERA,

12          Plaintiff,

13      v.

14  PAM AHLIN, et al.,

15          Defendants.

16

17

18

Case No.  1:14-cv-00164-LJO-BAM-PC

ORDER GRANTING MOTION FOR
EXTENSION OF TIME TO FILE
OBJECTIONS
(ECF No. 21)

ORDER ADOPTING FINDINGS AND
RECOMMENDATIONS, DISMISSING
CERTAIN DEFENDANTS, AND THAT
THIS ACTION PROCEEDS ON
PLAINTIFF'S CLAIM AGAINST DOE
DEFENDANTS FOR EXCESSIVE FORCE
(ECF No. 20)

19

20      Plaintiff Ruben Herrera is a civil detainee proceeding *pro se* in a civil rights action

21  pursuant to 42 U.S.C. § 1983. This matter was referred to a United States Magistrate Judge

22  pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

23      On May 6, 2016, the assigned Magistrate Judge entered findings and recommendations

24  regarding Plaintiff's second amended complaint, in which he alleged that, while he was detained

25  at Coalinga State Hospital, he climbed a basketball pole in protest on September 18, 2011, and

26  was shot down from the pole using non-lethal rounds. (ECF No. 20.) The Magistrate Judge

27  recommended that this action proceed only on an excessive force claim against the Doe DPS

28  officer or officers that fired non-lethal rounds against Plaintiff, and that all other claims and

1

1   defendants be dismissed from this action based on Plaintiff's failure to state a claim. Plaintiff was

2   provided an opportunity to file objections to the findings and recommendations within fourteen

3   (14) days.

4       On May 13, 2016, Plaintiff filed a motion for an extension of time to file objections to the

5   findings and recommendations. (ECF No. 21.) Plaintiff subsequently filed the objections

6   themselves on May 26, 2016. (ECF No. 22.) The Court will grant the requested extension and

7   consider the objections.[1]

8       In accordance with the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 304, this

9   Court has conducted a *de novo* review of this case. Plaintiff objection that it is "reasonable to

10  presume" that hospital officials ordered the alleged use of force against him, or that they knew of

11  the use of force and could have interfered, is not based on any well-pleaded facts in his second

12  amended complaint. Plaintiff's unsupported conclusions and conjectures are not sufficient to

13  state any claim against those officials.

14      Plaintiff also reiterates his allegations against Defendant Randhawa that the doctor was

15  responsible for recommending his involuntary placement in the SSU based on a medical

16  diagnosis. He argues that Defendant Randhawa is liable because, had Defendant Randhawa not

17  recommending Plaintiff's placement, he would not have protested the placement and been

18  injured in his eventual fall from the basketball pole. On the contrary, Plaintiff has not alleged

19  sufficient facts to connect Defendant Randhawa with the use of force against him. Instead, the

20  magistrate judge correctly found that Plaintiff's factual allegations were not sufficient to state a

21  claim against Defendant Randhawa.

22      Having carefully reviewed the entire file, including Plaintiff's objections, the Court finds

23  the findings and recommendations to be supported by the record and proper analysis.

24  ///

25  ///

26

27  [1] Plaintiff's motion for an extension of time also raises issues related to discovering the identity of the
    Doe defendant(s). That matter has been referred to the assigned Magistrate Judge, and will be addressed
28  in a separate order by that judge.

Accordingly, it is HEREBY ORDERED that:

1.     Plaintiff's motion for an extension of time to file objections to the findings and recommendations (ECF No. 21) is GRANTED;

2.     The findings and recommendations issued by the Magistrate Judge on May 6, 2016 (ECF No. 20), are ADOPTED in full;

3.     This action now proceeds on Plaintiff's Second Amended Complaint, filed on July 20, 2016, on an excessive force claim against the Doe DPS officer or officers that fired non-lethal rounds against Plaintiff;

4.     All remaining claims and defendants are DISMISSED from this action;

5.     The Clerk is DIRECTED to reflect the dismissal of Defendants Pam Ahlin, Audrey King, George Maynard, and Rajinder Randhawa on the court's docket; and

6.     This case is referred back to the Magistrate Judge for further proceedings.

IT IS SO ORDERED.

Dated:   **November 7, 2016**                    **/s/ Lawrence J. O'Neill**
                                          UNITED STATES CHIEF DISTRICT JUDGE