# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUBEN HERRERA,<br><br>    Plaintiff,<br><br>    v.<br><br>PAM AHLIN, et al.,<br><br>    Defendants. | Case No. 1:14-cv-00164-LJO-BAM-PC<br><br>ORDER REQUIRING PLAINTIFF TO FILE A MOTION TO SUBSTITUTE THE DOE DEFENDANT(S) OR FILE A REQUEST FOR A RULE 45 SUBPOENA<br><br>**THIRTY (30) DAY DEADLINE** |

**I.     Introduction**

Plaintiff Ruben Herrera is a civil detainee proceeding pro se in a civil rights action pursuant to 42 U.S.C. § 1983. This case currently proceeds on Plaintiff's excessive force claim against the Doe DPS officer or officers that fired non-lethal rounds against him on September 18, 2011.

On May 6, 2016, the Court issued an order requiring Plaintiff to either file a motion to substitute the Doe Defendant(s) or file a status report explaining the actions he took to locate the name of Doe defendant(s). (ECF No. 19.) On May 20, 2016, Plaintiff filed a motion for an extension of time combined with a status report and a "motion for limited discovery." (ECF No. 21.) Plaintiff has also provided some information in objections filed on May 31, 2016. (ECF No. 22.)

///

1  Plaintiff states that prior to filing this action, he wrote letters to obtain the names of the
2  officers who shot at him on September 18, 2011. (ECF No. 21, p. 3.) Plaintiff received a
3  response indicating that his request was construed as a request for a police report, and that it was
4  forwarded to "DSH legal" so that he would receive that information. Plaintiff was directed to
5  communicate further request regarding that incident to that office. Plaintiff does not give any
6  information regarding what follow-up was done on this issue.

7  Plaintiff further states that in 2015, he requested the Department of Police Services'
8  policies and procedures in part to try and determine an alternative method to access the records,
9  but those policies and procedures were not released to him on confidentiality grounds. (ECF No.
10 21, p. 8.) Plaintiff contends that the State of California, through its employees, has "secreted the
11 identities of those liable." (Id.) He states that he believes that a non-party, Audrey King, the
12 Executive Director of Coalinga State Hospital, should be compelled to reveal the names. (ECF
13 No. 22, p. 6.) He seeks an order allowing him to obtain police reports, serious incident reports,
14 memorandums, and communications, including electronic communications.

15 **II.     Legal Standards**

16 Under Rule 37 of the Federal Rules of Civil Procedure, "a party seeking discovery may
17 move for an order compelling an answer, designation, production, or inspection." Fed. R. Civ. P.
18 37(a)(3)(B). The court may order a party to provide further responses to an "evasive or
19 incomplete disclosure, answer, or response." Fed. R. Civ. P. 37(a)(4). The moving party "at a
20 minimum … has the burden of informing the court which discovery requests are the subject of
21 his motion to compel, which of the … responses are disputed, why … [the] responses are
22 deficient, why the … objections are not justified, and why the information he seeks through
23 discovery is relevant …." Walker v. Karelas, No. CIV S-07-2545 MCE DAD P, 2009 WL
24 3075575, at *1 (E.D. Cal. Sept. 21, 2009).

25 Rule 45 of the Federal Rules of Civil Procedure permits issuance of subpoenas to obtain
26 discovery from non-parties equivalent to discovery from parties under Rule 34. See Adv. Comm.
27 Note to 1991 Amendment to FRCP 45. Rule 34 governs discovery of designated documents,
28 electronically stored information, and designated tangible things subject to the provisions of

1  Federal Rule of Civil Procedure 26(b). <u>Meeks v. Parsons</u>, No. 1:03-cv-6700-LJO-GSA, 2009
2  WL 3003718, at *2 (E.D. Cal. Sept. 18, 2009) (citing <u>Fahey v. United States</u>, 18 F. R. D. 231,
3  233 (S.D.N.Y. 1955)). Rule 26(b)(1) establishes the scope of discovery, stating in pertinent part:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b). These standards mean that the Court may grant a request by Plaintiff to issue a Rule 45 subpoena to a properly identified non-party to discover information that is relevant to the party's claims or defenses, is not burdensome, is not within Plaintiff's reasonable access, upon a sufficient showing of the importance of the information.

**III.   Discussion**

Plaintiff's motion to compel is denied. Plaintiff has not carried his burden to show any discovery response should be compelled here from non-party Audrey King. He has not shown that she has possession, custody, or control of the information he seeks. Instead, he has identified a potential source of a report pertinent to the incident; based on the response he received, it appears the Legal Department of the California Department of State Hospitals may possess and be willing to provide the information he seeks. However, Plaintiff has not explained whether and how he has followed-up with that entity. Plaintiff was previously informed by the Court that he may also be able to identify the officers from incident reports, rules violation reports, or other documents available in his central file, which may be available upon request from the hospital officials, without court intervention. He has not explained any recent attempts to request such information. Plaintiff must exhaust such avenues before the Court will consider the issuance of a Rule 45 subpoena.

Plaintiff shall be permitted an additional thirty (30) days from the issuance of this order to either file a motion to substitute the Doe Defendant(s), or to file any request for a Rule 45 subpoena to obtain the information necessary to identify the Doe Defendant(s). If he files a Rule

45 subpoena request, he must meet the standards addressed above. Plaintiff is warned that this is his final opportunity to comply with the Court's order. Plaintiff's failure to comply with this order, and with his obligation to identify the unknown defendants and substitute their identities in the complaint so that they may be properly served, will result in a recommendation to dismiss this action.

**IV.   Conclusion and Order**

For these reasons, it is HEREBY ORDERED that:

1.   Plaintiff's motion for the Court to compel a response pursuant to Federal Rule of Civil Procedure 37(a), (ECF No. 21), is denied; and,

2.   Plaintiff shall, within thirty (30) days of the date of service of this order, either

(a)   file a motion to substitute the Doe Defendant(s), or

(b)   file any request for a Rule 45 subpoena to obtain the information necessary to identify the Doe Defendant(s).

IT IS SO ORDERED.

Dated:   **November 9, 2016**          /s/ Barbara A. McAuliffe
                                              UNITED STATES MAGISTRATE JUDGE