1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUBEN HERRERA, | Case No.  1:14-cv-00164-LJO-SAB-PC |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION FOR A RULE 45 SUBPOENA (ECF No. 25) |
| v. | |
| PAM AHLIN, et al., | ORDER GRANTING PLAINTIFF AN EXTENSION OF TIME TO FILE A MOTION TO SUBSTITUTE DOE DEFENDANT(S) |
| Defendants. | |
| | **THIRTY (30) DAY DEADLINE** |

## I.    Introduction

Plaintiff Ruben Herrera is a civil detainee proceeding pro se in a civil rights action pursuant to 42 U.S.C. § 1983.  This case currently proceeds on Plaintiff's excessive force claim against the Doe DPS officer or officers that fired non-lethal rounds against him on September 18, 2011.

On May 6, 2016, the Court issued an order requiring Plaintiff to either file a motion to substitute the Doe Defendant(s) or file a status report explaining the actions he took to locate the name of Doe defendant(s). (ECF No. 19.) On May 20, 2016, Plaintiff filed a motion for an extension of time combined with a status report and a "motion for limited discovery." (ECF No. 21.) Plaintiff has also provided some information in objections filed on May 31, 2016. (ECF No.

22.) Based on the information provided by Plaintiff, the Court denied Plaintiff's motion to compel discovery, gave further guidance to Plaintiff on determining the identity of the Doe defendant(s), and ordered Plaintiff to either file a motion to substitute the Doe defendant(s) or a request for a Rule 45 subpoena within thirty (30) days. (ECF No. 24.)

Currently before the Court are Plaintiff's status report and motion for a Rule 45 subpoena, filed December 7, 2016, (ECF No. 25), and his status report update, filed December 14, 2016, (ECF No. 26).

**II.    Discussion**

In Plaintiff's combined status report and motion, he discusses that he has made various inquiries for the identity of the officer(s) who shot him, and has been given various information. Plaintiff indicated that he has obtained the name of the person who wrote the Serious Incident Report, and he was told that this may be the person who shot him, but he had not confirmed it. Plaintiff also located the name of an ERT negotiator, whom Plaintiff alleges gave the order for the other ERT member to fire on him. Finally, Plaintiff stated that he made contact with the California Department of State Hospital's legal department ("DSH legal"), and that DSH legal would be sending him information under the Public Records Act within ten business days. Plaintiff then requested a Rule 45 subpoena.

Plaintiff's updated status report states that on December 9, 2016, he received a letter from DSH legal providing the name of the person who shot him on September 18, 2011. (ECF No. 26.) A copy of the letter is attached to Plaintiff's updated status report. (Id. at 2.)

Rule 45 of the Federal Rules of Civil Procedure permits issuance of subpoenas to obtain discovery from non-parties equivalent to discovery from parties under Rule 34. See Adv. Comm. Note to 1991 Amendment to FRCP 45. The Rule allows a Court to grant a request by Plaintiff to issue a Rule 45 subpoena to a properly identified non-party, to discover information that is relevant to the party's claims or defenses, is not burdensome, and is not within Plaintiff's reasonable access, upon a sufficient showing of the importance of the information.

Here, Plaintiff has not met the standards for issuing a Rule 45 subpoena in this matter. Based on Plaintiff's status report and representations, he has learned through sources reasonably

available to him the identities of one or more persons who potentially may be substituted as a Doe defendant or defendants in this matter. Thus, Plaintiff has not shown that any Rule 45 subpoena is necessary at this time, and his request will be denied. Instead, Plaintiff shall be permitted an additional thirty (30) days from the date of service of this order to file a motion to amend his complaint to substitute the identities of the Doe defendant or defendants in this case, to the extent he may do so in good faith.

**III.     Conclusion and Order**

        For these reasons, it is HEREBY ORDERED that:

        1.      Plaintiff's motion for the Court to issue a Rule 45 subpoena, filed December 7, 2016, (ECF No. 25), is DENIED; and,

        2.      Plaintiff shall, within thirty (30) days of the date of service of this order, file a motion to amend his complaint to substitute the identities of Doe Defendant(s) in this case; and

        3.      **Plaintiff is warned that his failure to comply with this order, and with his obligation to identify the unknown defendants and substitute their identities in the complaint so that they may be properly served, will result in a recommendation to dismiss this action.**

IT IS SO ORDERED.

    Dated:   **December 15, 2016**             /s/ *Barbara A. McAuliffe*
                                          UNITED STATES MAGISTRATE JUDGE