# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUBEN HERRERA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>PAM AHLIN, et al.,<br><br>　　　　Defendants. | Case No.  1:14-cv-00164-LJO-BAM-PC<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO SUBSTITUTE DOE DEFENDANT FOR NAME OF ACTUAL DEFENDANT AT FAULT, AND GRANTING LEAVE TO FILE A THIRD AMENDED COMPLAINT<br><br>(ECF No. 28)<br><br>**THIRTY-DAY DEADLINE** |

　　　　Plaintiff Ruben Herrera is a civil detainee proceeding pro se in a civil rights action pursuant to 42 U.S.C. § 1983.  This case currently proceeds on Plaintiff's excessive force claim against the Doe DPS officer or officers that fired non-lethal rounds against him on September 18, 2011.

　　　　Currently before the Court is Plaintiff's motion to substitute Doe defendant with the name of the actual defendant at fault, filed December 30, 2016. (ECF No. 28.) Plaintiff seeks leave to amend his complaint to substitute Officer Jacob Redding for one of the Doe officer or officers who fired non-lethal rounds against him on September 18, 2011.

　　　　Under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served.

1

Otherwise, a party may amend only by leave of the court or by written consent of the adverse party. "Rule 15(a) is very liberal and leave to amend 'shall be freely given when justice so requires.'" AmerisourceBergen Corp. v. Dialysist West, Inc., 465 F.3d 946, 951 (9th Cir. 2006) (quoting Fed. R. Civ. P. 15(a)). However, courts "need not grant leave to amend where the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in litigation; or (4) is futile." Id.

Considering the relevant factors here, leave to amend should be granted. Plaintiff's motion attaches a December 2, 2016 letter from the Department of State Hospital's Legal Services Division indicating that Plaintiff was provided Officer Jacob Redding's name in response to his request for the identity of the ERT member who shot him on September 18, 2011. (ECF No. 28, p. 5.) The Court further finds no evidence of prejudice, bad faith, undue delay, or futility.

Accordingly, Plaintiff shall be granted leave to file a third amended complaint, within thirty (30) days, for the sole purpose of identifying Officer Jacob Redding as a Defendant. Plaintiff should note that although he has been granted leave to amend, he may not change the nature of this suit by adding new, unrelated claims in his third amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff is further advised that an amended complaint supersedes the original complaint, Lacey v. Maricopa Cnty., 693 F.3d 896, 927 (9th Cir. 2012) (en banc), and it must be "complete in itself without reference to the prior or superseded pleading," Local Rule 220.  Each claim and the involvement of each defendant must be sufficiently alleged. The third amended complaint should be clearly and boldly titled "Third Amended Complaint," refer to the appropriate case number (1:14-cv-00164-LJO-BAM), and be an original signed under penalty of perjury.

Plaintiff also states that he originally pleaded that there were three officers involved in the September 18, 2011 events, but he has only been able to obtain the name of one officer. Although Plaintiff wishes to amend his complaint to identify Officer Redding, he reserves the right to identify the other Doe officers, if the evidence discloses other defendants. The Court reminds Plaintiff that to the extent he names any Doe Defendant in his third amended complaint,

the U. S. Marshal cannot serve such person until Plaintiff identifies the Doe Defendant with enough information to locate them for service of process. If Plaintiff fails to identify any other Doe officers during the course of this action, they will be dismissed.

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's motion to substitute a Doe defendant with the name of the actual defendant at fault, filed December 30, 2016. (ECF No. 28), is GRANTED;

2. Within thirty (30) days from the date of service of this order, Plaintiff shall file a Third Amended Complaint as discussed in this order; and

3. **If Plaintiff fails to comply with this order, the action will be dismissed.**

IT IS SO ORDERED.

Dated: **January 3, 2017**      /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE