# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUBEN HERRERA,<br><br>    Plaintiff,<br><br>    v.<br><br>JACOB REDDING,<br><br>    Defendant. | Case No. 1:14-cv-00164-LJO-BAM (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION<br><br>(ECF No. 77) |

Plaintiff Ruben Herrera is a civil detainee proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff initiated this action on February 6, 2014. (ECF No. 1.) On March 20, 2019, the Court denied Plaintiff's cross-motion for summary judgment, granted Defendant Jacob Redding's motion for summary judgment, and entered judgment in favor of Defendant. (ECF No. 68.)

On April 2, 2019, Defendant Redding submitted a bill of costs seeking $498.37 for costs in defending this action. (ECF No. 70.) On August 9, 2019, the Clerk of Court taxed costs in the amount of $277.35 against Plaintiff. (ECF No. 76.)

Currently before the Court is Plaintiff's motion for reconsideration of the Court's order to pay bill of costs for electronically recorded transcripts, filed on October 15, 2019. (ECF No. 77.) For the following reasons, Plaintiff's motion for reconsideration must be denied and the imposition of costs is confirmed.

1    Federal Rule of Civil Procedure 60(b)(6) permits the Court to relieve a party from an
2    order for any reason that justifies relief.  Rule 60(b)(6) "is to be used sparingly as an equitable
3    remedy to prevent manifest injustice and is to be utilized only where extraordinary
4    circumstances" exist.  Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotation
5    marks and citation omitted).  "A party moving for relief under Rule 60(b)(6) must demonstrate
6    both injury and circumstances beyond [their] control[.]"  Id. (internal quotation marks and
7    citation omitted).  Additionally, Local Rule 230(j) requires that, when a party makes a motion for
8    reconsideration, the party must show "what new or different facts or circumstances are claimed to
9    exist or were not shown upon such prior motion, or what other grounds exist for the motion" and
10   "why the facts and circumstances were not shown at the time of the prior motion."

11   "A motion for reconsideration should not be granted, absent highly unusual
12   circumstances, unless the district court is presented with newly discovered evidence, committed
13   clear error, or if there is an intervening change in the controlling law."  Marlyn Nutraceuticals,
14   Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (internal quotation marks
15   and citation omitted).  Therefore, "[a] party seeking reconsideration must show more than a
16   disagreement with the Court's decision, and recapitulation of the cases and arguments considered
17   by the [C]ourt before rendering its original decision fails to carry the moving party's burden."
18   United States v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001) (internal
19   quotation marks and citation omitted).

20   Here, Plaintiff moves for reconsideration of the imposition of costs on two grounds.  First,
21   Plaintiff argues that costs should not have been taxed against him because he was granted *in*
22   *forma pauperis* status in this action.  Second, Plaintiff argues that costs should not have been
23   taxed against him because this action is still pending on appeal before the Ninth Circuit Court of
24   Appeal.

25   Federal Rule of Civil Procedure 54(d)(1) provides that "costs … should be allowed to the
26   prevailing party."  Fed. R. Civ. P. 54(d)(1).  "Rule 54(d) creates a presumption for awarding costs
27   to prevailing parties; the losing party must show why costs should not be awarded."  Save Our
28   Valley v. Sound Transit, 335 F.3d 932, 944-45 (9th Cir. 2003).  Eastern District of California

Local Rule 292(b) states that a prevailing party may serve and file a bill of costs "[w]ithin fourteen (14) days after entry of judgment or order under which costs may be claimed[.]" "The party against whom costs are claimed may, within seven (7) days from the date of service, file specific objections to claimed items with a statement of grounds for objection." Local Rule 292(c). "If no objection is filed, the Clerk shall proceed to tax and enter costs." Local Rule 292(d). "On motion filed and served within seven (7) days after notice of the taxing of costs has been served, the action of the Clerk may be reviewed by the Court as provided in Fed. R. Civ. P. 54(d)." Local Rule 292(e).

In this case, while Defendant filed his bill of costs within fourteen days after entry of judgment, Plaintiff failed to file objections to Defendant's bill of costs or file a motion for review by the Court within seven days after costs were taxed. Nevertheless, the Court will consider the merits of Plaintiff's motion for reconsideration.

Initially, while Plaintiff argues that costs should not have been taxed against him because he was granted *in forma pauperis* status in this action, "a plaintiff proceeding *in forma pauperis* is not protected from the taxation of costs to which a prevailing defendant is entitled." Warren v. Guelker, 29 F.3d 1386, 1390 (9th Cir. 1994). Further, "[i]t is within the Court's discretion to proceed or defer the taxation of costs while an appeal on the merits is pending." Lasic v. Moreno, No. 2:05-cv-0161-MCE-DAD, 2007 WL 4180655, at *1 (E.D. Cal. Nov. 21, 2007). To the extent that Plaintiff is asking the Court to stay the taxing of costs pending the appeal, "[t]he prevailing party has an interest in prompt payment of its taxable costs[,]" Emblaze Ltd. v. Apple Inc., No. 5:11-cv-1079-PSG, 2015 WL 1304779, at *2 (N.D. Cal. Mar. 20, 2015), and case law establishes that the potential reversal of the taxation of costs following an appeal is "not a sufficient … basis to stay taxation of costs[.]" Jones v. City of Orange Cove, No. 1:08-cv-0775 DLB, 2010 WL 4875681, at *2 (E.D. Cal. Nov. 23, 2010).

Finally, the costs imposed reflect that Plaintiff was taxed $277.35 for fees for printed or electronically recorded transcripts necessarily obtained for use in this case. (ECF No. 76.) Plaintiff has not established that the amount of costs imposed is inaccurate, or that an amount exceeding the costs imposed was deducted from his prison trust account. Therefore, the Court

3

finds that there are no new facts or circumstances to warrant reconsideration, and that the $277.35 in costs was properly assessed against Plaintiff as the non-prevailing party. Accordingly, Plaintiff's motion for reconsideration of the Court's order to pay bill of costs for electronically recorded transcripts, (ECF No. 77), is HEREBY DENIED.

IT IS SO ORDERED.

Dated: **November 13, 2019**        /s/ Lawrence J. O'Neill
UNITED STATES CHIEF DISTRICT JUDGE