# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUBEN HERRERA, | Case No. 1:14-cv-00164-LJO-BAM (PC) |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION TO STAY ENFORCEMENT OF BILL OF COSTS PENDING APPEAL |
| v. | |
| JACOB REDDING, | (ECF No. 79) |
| Defendant. | |

Plaintiff Ruben Herrera is a civil detainee proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff initiated this action on February 6, 2014. (ECF No. 1.) On March 20, 2019, the Court denied Plaintiff's cross-motion for summary judgment, granted Defendant Jacob Redding's motion for summary judgment, and entered judgment in favor of Defendant. (ECF No. 68.)

On April 2, 2019, Defendant Redding submitted a bill of costs seeking $498.37 for costs in defending this action. (ECF No. 70.)

On April 5, 2019, Plaintiff filed a notice of appeal to the Ninth Circuit Court of Appeals. (ECF No. 72.)

On August 9, 2019, the Clerk of Court taxed costs in the amount of $277.35 against Plaintiff. (ECF No. 76.)

///

1

On October 15, 2019, Plaintiff filed a motion for reconsideration of the Court's order to pay bill of costs for electronically recorded transcripts. (ECF No. 77.) On November 13, 2019, the Court denied Plaintiff's motion for reconsideration. (ECF No. 78.)

Currently before the Court is Plaintiff's "notice of motion for objection to order of the Courts (*sic*) recomendation (*sic*) for bill of cost while the appeal is pending[, and] Petitioner['s] request for a stay until the appeal [is] final[,]" filed on November 25, 2019. (ECF No. 79.) The Court construes Plaintiff's motion as a motion to stay enforcement of the bill of costs pending resolution of Plaintiff's appeal.

"A stay is not a matter of right, even if irreparable injury might otherwise result. It is instead an exercise of judicial discretion, and the propriety of its issue is dependent upon the circumstances of the particular case." Nken v. Holder, 556 U.S. 418, 433 (2009) (internal quotation marks and citation omitted); Lasic v. Moreno, No. 2:05-cv-0161-MCE-DAD, 2007 WL 4180655, at *1 (E.D. Cal. Nov. 21, 2007) (""It is within the Court's discretion to proceed or defer the taxation of costs while an appeal on the merits is pending."). The question of whether a stay pending appeal is warranted requires consideration of four factors: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." Id. at 434. The U.S. Supreme Court has held that the first two factors are the most important. Id.

Here, Plaintiff contends that the Court should stay enforcement of the bill of costs on three grounds. First, Plaintiff argues that the costs should be stayed because, due to the pending appeal, the Defendants are not yet the prevailing party in this action. Second, Plaintiff argues that the costs should be stayed because he never received a copy of any printout stating the full cost of the electronically recorded transcripts. Third, Plaintiff argues that the costs should be stayed because he is totally indigent and financially unable to pay for the costs.

However, initially, Plaintiff has failed to make a strong showing that he is likely to succeed on the merits of his appeal. Id. ("It is not enough that the chance of success on the merits be 'better than negligible. … [M]ore than a mere possibility of relief is required." (internal

citation and quotation marks omitted)).  Further, while Plaintiff alleges that he is indigent and does not have the funds to pay the costs, Plaintiff has failed to establish that he will suffer irreparable harm if a stay is not granted.  Finally, the fact that Plaintiff was never provided with a copy of a document stating the full cost of the transcripts is not a sufficient basis to stay enforcement of costs.

Therefore, Plaintiff's motion to stay enforcement of bill of costs pending appeal, (ECF No. 79), is HEREBY DENIED.

IT IS SO ORDERED.

Dated: **December 5, 2019**       **/s/ Lawrence J. O'Neill**
UNITED STATES CHIEF DISTRICT JUDGE